PER CURIAM:
Claimants brought this action to recover for damage to their real and personal property from a flood which occurred on or about May 23, 2000. Claimants allege that the flood was the result of respondents’ failure to maintain its drainage system on M cKimmie Ridge Ro ad (d esignated as R oute 5 2) in W etzel C ounty. Respondent was at all times herein responsible for the maintenance of this road and its drainage system. The Court is of the opinion to grant an award to claimants for the reasons stated herein below.
Claimants purchased their property adjacent to McKimmié Ridge Road in the fall 1984. The road circles their property with a hillside and the road above their property to the back of the property. The road proceeds around their property on one side, and then the road circles to the front of the property where the road is below their property. C laimants had experienced no severe water problems on their property for the sixteen years that they resided on the property. According to claimant Mrs. Edgell, in May 2000 respondent replaced a culvert on the upper side of the road during which time respondent also cleaned off the bank along the ditch line; at that same time respondent also removed a “lip” of earth at the edge of the road adjacent to claimants’ property; and, respondent slanted the roadway surface toward claimants’ property. As described by Mrs. Edgell, the lip of earth along the edge of the road was anywhere from six inches to eighteen inches in height. In her opinion, this lip, consisting of dirt and stone built up during routine maintenance by respondent, acted as a barrier for surface water which flowed in the road. When the lip was removed during the maintenance project, it allowed surface water from the road to flow onto claimants’ property. Additionally, she testified that respondent filled in the ditch line on the opposite side ofthe road from claimants’ property. This *262 ditch had been about a foot to a foot and a half deep, but during the maintenance efforts by respondent, it was filled in and became a shallow area for the water. According to claimant Joyce Edgell, these maintenance efforts by respondent resulted in excess runoff which flowed from the hillside above their property, across McKimmie Ridge Road, over the edge of the road, and onto claimants’ property causing damage thereto, all of which occurred during an evening storm beginning around 5:00 p.m. to 6:30 p.m. on May 23,2000. It rained off and on during that night but the most severe rainfall occurred by 9:30 p.m. Claimant and her husband noticed that more water than usual was flowing onto their property that evening. They worked in the dark by flashlight in an attempt to dig a ditch to protect an outbuilding and their house. In the morning of May 24, 2000, claimants took photographs depicting the conditions surrounding their home and in the yard. As depicted in photographs taken by claimants, the amount of mud and gravel covering the deck, patio, out building, ditch, and their yard in general was considerable.
Claimants assert that another reason for the excessive amount of water flowing onto their property during the flood was the fact that a culvert respondent replaced under McKimmie Ridge Road had not functioned properly prior to being replaced. The new culvert was installed at a location above claimants’ property at a location different from the original culvert at the request of the claimants. This new culvert, according to Mrs. Edgell’s testimony, was not large enough to handle the amount of water coming from the hillside and it quickly filled up causing more surface water than usual to flow over the road surface and onto claimants’ property causing damage to an outbuilding, deck, and covering their yard in dirt and gravel. The mud was approximately two feet deep in places on their property. A ditch that existed on claimants’ property to provide for water drainage from the road became filled with mud, dirt, and gravel dining the flood and that ditch had to be cleaned out to continue to provide protection to their property from normal runoff from McKimmie Ridge Road. The damages to claimants’ real property and personal property which were the result of the flood on May 23, 2000, were documented in the amount of $9,812.00. Claimants also allege annoyance and inconvenience as damages.
Respondent contends that it performed routine maintenance on McKimmie Ridge Road (also referred to by its designated route number as County Route 52 by respondent’s employees) on May 15, 2000. Dale Richmond, an equipment operator forrespondent in Wetzel County, testified thathe operated the backhoe for respondent on May 15, 2000, during the maintenance project on McKimmie Ridge Road. He explained that the existing fifteen-inch culvert was “bad” so it was replaced with an eighteen-inch culvert. The new culvert was placed farther away from the original culvert at the request of claimant Mrs. Edgell. He described the work performed for replacing the culvert and that after the May 23, 2000, incident that the new culvert was filled with cement at the request of the claimants. County Route 52 (McKimmie Ridge Road) is a gravel road with a crown at the center for water to drain to either side of the road. He filled in the ditch line on the road opposite from claimants’ property as the ditch was two to three feet deep in places. The filled ditch line was much more shallow after he finished the routine maintenance work.
Joe Mercer, a crew leader for respondent in Wetzel County, testified that McKimmie Ridge Road is a gravel road and a bus route. As such, it is a low priority road for maintenance purposes. He visited claimants’ property after the flooding had *263 occurred on May 23, 2000, and took photographs which depict the ravine from the road proceeding down the hillside through claimants’ property. He did not remember the weather conditions on May 23, 2000.
The Court, having reviewed all of the evidence in this claim, is of the opinion that the maintenance efforts of the respondent were performed to improve McKimmie Ridge Road; however, these efforts were performed without regard to the amount of water that flows from the hillside, across the road, and onto the property below the road which is owned by claimants. The “lip” of earth and gravel described by claimant Mrs. Edgell apparently afforded protection to claimants’ property from the natural flow of water on McKimmie Ridge Road. While respondent’s actions appear to be reasonable under the circumstances, respondent did not take into consideration the amount of water coming off its roadway. Respondent did not provide protection to claimants’ property when it removed the “lip” of earth that protected the abutting property. It exacerbated runoff problems when it filled in the ditch line on the opposite side of McKimmie Ridge Road creating more surface water runoff onto the road and thus onto claimants’ property. All of its actions were detrimental to claimants’ property. Even though claimants’ property appears to be in a natural drainage area there had not been severe water problems from runoff until respondent’s changes to the road, the ditch line, and the removal of the lip of earth at the edge of claimants’ property. An owner of property which is abutting property owned by another is liable for creating a situation whereby excessive water is diverted onto the adjoining property. In the instant claim, claimants had not experienced excessive water problems for sixteen years until the actions by respondent in its maintenance of its road. Therefore, the Court concludes that the actions of the respondent in its maintenance of McKimmie Ridge Road were the proximate cause of the flooding on claimants’ property on May 23, 2000.
As to the damages incurred by claimants, they established through estimates the cost for restoring their property and the replacement cost for damaged personal property. The Court calculates actual damages in the sum of $9,812.00. The Court is also of the opinion that claimants suffered annoyance and inconvenience in their efforts to clean up the mud and gravel on their property and in cleaning out their drainage ditch. They spent several days in their efforts to restore their property so as to make it usable. The Court has determined that the amount of $3,000.00 for annoyance and inconvenience is fair and reasonable.
Accordingly, the Court is of the opinion to and does make an award to claimants in the amount of $12,812.00.
Award of $12,812.00.